**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112387

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Todd D. Muhlstock, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>Diversified Consultants Inc.,<br><br>     Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Todd D. Muhlstock, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Diversified Consultants Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Todd D. Muhlstock is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.      Plaintiff is a natural person residing Nassau County, New York

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Diversified Consultants Inc., is a Florida Corporation with a principal place of business in Duval County, Florida.

9.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS COMMON TO ALL CLAIMS

12.     Plaintiff has a cellular telephone.

13.     Plaintiff's cellular telephone number is 516-713-XXXX.

14.     Plaintiff has had the same cellular telephone number for at least ten (10) years.

15.     Defendant has been assigned telephone number 1-800-604-0064.

16.     1-800-604-0064 is Defendant's telephone number.

17.     Defendant calls persons from telephone number 1-800-604-0064.

18.     Beginning at the end of 2016, on exact dates known only to Defendant but including November 3, 2016, November 4, 2016, November 7, 2016, November 8, 2016, November 9, 2016, November 10, 2016, November 14, 2016,  November 16, 2016, November 17, 2016, November 18, 2016, November 21, 2016, and November 22, 2016, Defendant called Plaintiff's cellular phone (collectively "the Telephone Calls")

19.     Defendant blocked the name of its business in the phone's caller ID.

20.     Defendant never left a voicemail message.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21.     On November 22, 2016, Plaintiff had a telephone conversation with Defendant's employee.

22.     Defendant's employee refused to identify where she was calling from.

23.     Defendant's employee refused to identify her employer.

24.     Defendant's telephone calls to Plaintiff are "communications" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 47 U.S.C. § 227(b)(1)**

25.     Plaintiff repeats and realleges paragraphs 6, 9 and 12 through 18, as if fully restated herein.

26.     47 U.S.C. § 227(b)(1) provides: "It shall be unlawful for any person within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) .... using any automatic telephone dialing system or an artificial or prerecorded voice... (iii) to any ... cellular telephone service."

27.     The Telephone Calls were made using an automatic telephone dialing system.

28.     Plaintiff did not give Defendant consent to call his cellular telephone using an automatic telephone dialing system.

29.     Plaintiff did not give Defendant consent to call his cellular telephone using an artificial or prerecorded voice.

30.     The Telephone Calls were not for emergency purposes.

31.     The Telephone Calls  were unwanted by Plaintiff.

32.     Defendant acted willfully.

33.     Defendant acted with full knowledge that its actions were unlawful.

34.     Defendant's conduct, as described herein, violated 47 U.S.C. § 227.

35.     Defendant's conduct, as described herein, caused Plaintiff's voicemail to become full.

36.     Defendant's conduct, as described herein, was an electronic intrusion upon Plaintiff's cellular phone.

37.     Defendant's conduct, as described herein, caused Plaintiff's cellular phone's battery to become depleted, causing Plaintiff to use electricity to recharge same.

38.     Defendant's conduct, as described herein, was an invasion of Plaintiff's privacy.

39.     Defendant's conduct, as described herein, caused Plaintiff annoyance and aggravation.

40.     Defendant's conduct, as described herein, caused Plaintiff to waste time.

41.     Defendant's conduct, as described herein, caused Plaintiff to be distracted.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692d(5)

42.     Plaintiff repeats and realleges paragraphs 7, 10, 11, and 12 through 24, as if fully restated herein.

43.     15 U.S.C. § 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44.     15 U.S.C. § 1692d(5) provides that it is a violation of 15 U.S.C. § 1692d to cause a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

45.     Defendant caused Plaintiff's cellular telephone to ring repeatedly.

46.     Defendant intended to annoy, abuse, and harass Plaintiff.

47.     Defendant's conduct violates 15 U.S.C. § 1692d.

48.     Defendant's conduct violates 15 U.S.C. § 1692d(5).

## THIRD COUNT
### Violation of 15 U.S.C. § 1692d(6)

49.     Plaintiff repeats and realleges paragraphs 7, 10, 11, and 12 through 24, 43 and 47, as if fully restated herein.

50.     15 U.S.C. § 1692d(6) provides that it is a violation of 15 U.S.C. § 1692d to place telephone calls without meaningful disclosure of the caller's identity.

51.     Defendant blocks its caller ID so not to disclose its identity.

52.     Defendant blocks its caller ID so that the recipient of the call will not know that a debt collector is calling.

53.     Defendant's repeated calls to Plaintiff with the caller's identification blocked violate 15 U.S.C. § 1692d(6).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

54.     Defendant's conduct violates 15 U.S.C. § 1692d(6).

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692b(1)

55.     Plaintiff repeats and realleges paragraphs 7, 10, 11, and 12 through 24, as if fully restated herein.

56.     15 U.S.C. § 1692b(1) requires a debt collector to, if expressly requested, identify his or her employer.

57.     On the November 22, 2016, telephone call, Plaintiff twice asked Defendant's employee to identify her employer.

58.     Defendant's employee refused to honor Plaintiff's request.

59.     Defendant's employee refused to answer Plaintiff's query.

60.     Defendant's employee refused to identify her employer despite Plaintiff's demand for such information.

61.      Defendant's conduct violates 15 U.S.C. § 1692b(1).

### CLASS ALLEGATIONS

62.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated.

63.     The class consists of, "All persons who received calls from Defendant to such person's cellular telephone, initiated by Defendant through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, within the four years prior to the filling of the Complaint."

64.     The Class consists of more than 50 persons.

65.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this Complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

66.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

67.     Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

68.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the TCPA, consumer protection laws and common law.

## JURY DEMAND

69.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the TCPA; and

d.   Grant statutory damages against Defendant pursuant to 47 U.S.C. § 227(b)(3)(C) and/or 47 U.S.C. § 227(b)(3)(B), for each and every violation; and

e.   Pursuant to 47 U.S.C. § 227(b)(3)(A), grant injunctive relief prohibiting such conduct in the future.

f.   Find that Defendant's actions violate the FDCPA; and

g.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

h.   Grant attorneys' fees as permitted by law; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

i.   Grant Plaintiff's costs; together with

j.   Such other relief that the Court determines is just and proper.

DATED: October 16, 2017

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
 Our File No.: 112387

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530